```
PETER R. BOUTIN, CASB No. 65261
peter.boutin@kyl.com
GORDON C. YOUNG, CASB No. 158100
gordon.young@kyl.com
KEESAL, YOUNG & LOGAN
A Professional Corporation
Four Embarcadero Center, Suite 1500
San Francisco, California  94111
Telephone:   (415) 398-6000
Facsimile:    (415) 981-0136

Attorneys for Plaintiff
PERSHING LLC
```

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PERSHING LLC,<br><br>　　　　　　　　　　Plaintiff,<br><br>　　vs.<br><br>CROCKER SECURITIES, LLC and<br>DOUGLAS GREEN,<br><br>　　　　　　　　　　Defendants. | Case No. cv-08-3141 WHA<br><br>**DECLARATION OF SCOTT MUNROE<br>IN SUPPORT OF REQUEST FOR<br>TEMPORARY RESTRAINING ORDER** |

I, SCOTT MUNROE, declare

1. I am an employee of Pershing LLC ("Pershing"). I make this Declaration in support of Pershing's application for a temporary restraining order against Crocker Securities LLC ("Crocker"). I make this Declaration based on my own knowledge, upon Pershing's business records and other records shown to me, and, where specified, upon information and belief.

2. I am a Managing Director at Pershing LLC. In my capacity as a Managing Director, I am responsible for all existing and prospective business relationships in Pershing's Western Region, which includes Crocker.

- 1 -

3. On or about Friday, June 27, 2008, I was advised by Pershing's Compliance Department of a potential fraudulent scheme perpetrated by Crocker to manipulate the price of at least five separate securities. In brief, as described more fully in the Bragg Declaration, Crocker used its Proprietary Trading Account (the "Proprietary Trading Account") to facilitate a continuing circle of sell/repurchase transactions involving at least five separate mortgage-backed securities, thus causing an artificial increase in the value of the securities.

4. Having been informed of Crocker's trading activities, on Saturday, June 28, 2008, I, along with Tom Guinan (a Senior Risk Manager employed by Pershing), contacted Crocker's principal, Kevin Martin, by telephone to discuss Crocker's activities. During this telephone call, Mr. Guinan asked Mr. Martin what steps Crocker intended to take in order to satisfy the financial obligations of the activities within the accounts maintained at Pershing. During our call, Mr. Guinan advised Mr. Martin that (as of June 28, 2008) Crocker had an outstanding obligation to Pershing of approximately $8.6 million and that Pershing expected Crocker to take immediate steps to satisfy these obligations. In response, Mr. Martin advised us that neither Douglas Green nor Crocker's principals may be able to satisfy these obligations and if so, he understood that Crocker would have a "net capital issue." Mr. Martin advised that he was taking steps to discover facts relating to the trading activities of Douglas Green and provided us with assurances that Crocker would promptly contact Pershing as soon as it was able to ascertain the cause of the anticipated shortfall. Mr. Martin further advised me that he had attempted to contact Douglas Green to discuss the situation, but at that time had not spoken directly with Douglas Green.

5. On June 29, 2008, I again spoke with Mr. Martin by telephone. During this subsequent telephone call, Mr. Martin again acknowledged the amount due and owing to Pershing and again advised that Crocker potentially would not be able to make up the shortfall.

6. On June 30, 1998, I, along with Pershing employees Tom Guinan,

- 2 -

DECLARATION OF SCOTT MUNROE IN SUPPORT OF REQUEST FOR TEMPORARY RESTRAINING ORDER

KYL_SF463607

Theodore Bragg and Irv Klubeck, participated in a conference call with Mr. Martin. The purpose of this call was to discuss risk management issues and specifically what steps Crocker intended to take in order to ensure it was able to satisfy its obligations to Pershing. Mr. Martin agreed that Crocker was obligated to satisfy its obligations, and confirmed that neither he nor the other principals at Crocker were able to do so. Mr. Martin further confirmed that he had spoken with Douglas Green, and that Mr. Green advised him that he was not going to be in a position to satisfy the obligations. Finally, Mr. Martin confirmed that Crocker intended to contact FINRA to advise of Crocker's anticipated net capital deficiency and volunteered that he expected Crocker would "go out of business" as a result.

I declare under penalty of perjury under the laws of the United States and the State of California that the foregoing is true and correct.

Executed this 1st day of July, 2008 at San Francisco, California.

*[signature]*
SCOTT MUNROE