GEORGE L. GUERRA, CASB No. 158263
FOWLER WHITE BOGGS BANKER P.A.
501 E. Kennedy Blvd., Suite 1700
Tampa, Florida 33602
Tel: (813) 228-7411
Fax: (813) 229-8313
Email: george.guerra@fowlerwhite.com

Attorney for Defendant
DOUGLAS GREEN

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### CIVIL DIVISION

| | |
|---|---|
| PERSHING LLC, | CASE NO. CV-08-3141 WHA |
| Plaintiff, | **EMERGENCY MOTION FOR PROTECTIVE ORDER** |
| vs. | |
| CROCKER SECURITIES LLC and DOUGLAS GREEN, | |
| Defendants. | |

Defendant, **DOUGLAS GREEN** ("GREEN"), respectfully requests that this Court issue a Protective Order to prohibit the expedited deposition of Mr. Green from going forward on July 9, 2008. As a FINRA member firm, Pershing has agreed to arbitrate any disputes with associated persons and other member firms including Mr. Green and Crocker. The arbitration process does not allow for and in fact prohibits depositions except in very limited circumstances.

The subject Motion is based on the matters stated herein, the attendant Memorandum of Points and Authorities in support of this Motion as well as the Memorandum filed in support of Defendant's Motion for Dissolution of the Ex-Parte Order Granting TRO, Order to Show Cause

and Expedited Discovery, and to Compel Arbitration and such other papers as may be filed by the parties to this action.

Dated this 3rd day of July, 2008.

                Respectfully submitted,

                s/ George L. Guerra, Esq.
                George L. Guerra
                California Bar No: 158263
                **FOWLER WHITE BOGGS BANKER P.A.**
                P.O. Box 1438
                Tampa, FL  33601
                (813) 228-7411
                Fax No: (813) 229-8313
                Email: george.guerra@fowlerwhite.com
                Attorney for Defendant

GEORGE L. GUERRA, CASB No. 158263
FOWLER WHITE BOGGS BANKER P.A.
501 E. Kennedy Blvd., Suite 1700
Tampa, Florida 33602
Tel: (813) 228-7411
Fax: (813) 229-8313
Email: george.guerra@fowlerwhite.com

Attorney for Defendant
DOUGLAS GREEN

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
CIVIL DIVISION

| | |
|---|---|
| PERSHING LLC, | CASE NO. CV-08-3141 WHA |
| Plaintiff, | **DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR PROTECTIVE ORDER** |
| vs. | |
| CROCKER SECURITIES LLC and DOUGLAS GREEN, | |
| Defendants. | |

I.   STATEMENT OF FACTS

On or about July 1, 2008, in response to Plaintiff's Application for a Temporary Restraining Order, this Honorable Court entered an Ex Parte Order that effectively froze the assets of Douglas Green and permitted Plaintiff to conduct expedited discovery. On July 3, 2008, Plaintiff served a Notice of Taking the Depositions of Barry Cooper and Douglas Green, both of which will take place on July 8, 2008, in Miramar, Florida[1]. The subject Motion seeks to preclude the deposition of Mr. Green.

---

[1] Counsel has agreed to move the deposition to July 9, 2008.

-1-
Memo in Support of Mtn for Protective Order 3:08-cv-03141 WHA

## II. ARGUMENT

Upon motion by a party, accompanied by a certification that the movant has in good faith attempted to confer with other effected parties in an effort to resolve the dispute, "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense. . . ." Fed. R. Civ. P. 26(c); Dolby Laboratories, Inc. v. Lucent Technologies, Inc., 2004 WL 2445232, *3 (N.D. Cal. 2004); Lectrolarm Custom Systems, Inc. v. Pelco Sales, Inc., 212 F.R.D. 567, 573 (E.D. Cal. 2002). After the movant demonstrates good cause, the court must balance the interests in allowing the discovery against the relative burdens to the parties. Dolby Laboratories, Inc., 2004 WL 2445232 at *3.

### 1. Plaintiff should not be allowed to circumvent FINRA rules and engage in discovery.

As discussed in Defendant Green's Motion to Dissolve this Court's Ex Parte Order, Stay this Proceeding, and Compel Arbitration, the parties agreed to arbitrate this dispute by virtue of their membership with FINRA.[2]  Extensive pre-trial discovery permitted in the courts is not available in securities arbitration proceedings. Otherwise, arbitration would be afflicted with the same costly and time-consuming discovery procedures that arbitration is designed to avoid. As a result, Plaintiff has filed this action

---

[2] Plaintiff Pershing LLC and Defendant Crocker Securities LLC are registered broker/dealers. Defendant Green is an associated person of Crocker Securities LLC as defined under Rule 13100 of the Code of Arbitration Procedure for Industry Disputes.

in an improper forum and is attempting to engage in discovery to which it would otherwise not be entitled under FINRA Rules.

Defendant Green should not be forced to suffer the undue burden and expense associated with the depositions plaintiff has noticed. As a member firm Pershing is not permitted to litigate some matters and arbitrate others. It has given up that right and agreed to arbitrate this dispute. Mr. Green has similarly agreed and certainly would not be allowed to pick and choose when he might arbitrate and when he might litigate. Indeed, the failure to proceed in arbitration may be deemed a breach of FINRA rules that could subject the breaching party to disciplinary action.

Depositions are rarely if ever allowed in arbitration and only by special permission of the arbitrators, under limited circumstances not present here. They are not allowed because of the burden they impose on the parties in terms of increased costs and expenses. Additionally problematical is the inability to segregate the TRO issues from the underlying substantive issues. As a result, if allowed to go forward, the Plaintiff will have a gross advantage of unilateral discovery, not otherwise available to Mr. Green, if he wishes to preserve his right to arbitrate.

It will be burdensome and costly for Mr. Green and his counsel to attend unneccesary depositions. The relative burdens imposed on Mr. Green should this Court allow the deposition to proceed, therefore clearly outweigh Plaintiff's interest in taking the deposition. Though different, Plaintiff will have ample opportunity in arbitration to investigate their case.

Since this matter should be compelled to arbitration, this Court should not permit Plaintiff to obtain discovery, expedited or otherwise, in this forum.

**RULE 26 CERTIFICATION**

Pursuant to Fed. R. Civ. P. 26(c), the undersigned counsel has conferred with counsel for Plaintiff and attempted to resolve the issues raised in this Motion, but was unsuccessful.

WHEREFORE, the Defendant Green respectfully requests the Court enter a Protective Order prohibiting Plaintiff from going forward with the depositions noticed for July 8, 2008.

Dated this 3rd day of July, 2008.

Respectfully submitted,

s/ George L. Guerra, Esq.
George L. Guerra
California Bar No: 158263
FOWLER WHITE BOGGS BANKER P.A.
P.O. Box 1438
Tampa, FL 33601
(813) 228-7411
Fax No: (813) 229-8313
Email: george.guerra@fowlerwhite.com
Attorney for Defendant

GEORGE L. GUERRA, CASB No. 158263
FOWLER WHITE BOGGS BANKER P.A.
501 E. Kennedy Blvd., Suite 1700
Tampa, Florida 33602
Tel: (813) 228-7411
Fax: (813) 229-8313
Email: george.guerra@fowlerwhite.com

Attorney for Defendant
DOUGLAS GREEN

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
CIVIL DIVISION

PERSHING LLC,

    Plaintiff,

vs.

CROCKER SECURITIES LLC and
DOUGLAS GREEN,

    Defendants.

CASE NO. CV-08-3141 WHA

**[PROPOSED] ORDER GRANTING EMERGENCY MOTION FOR PROTECTIVE ORDER**

This cause having come before the Court on Defendant Douglas Green's Emergency Motion for a Protective Order, and after being fully advised in the premises,

**IT IS ORDERED** that:

Defendant Green's Emergency Motion for Protective Order is GRANTED.

ORDERED AND ADJUDGED on this ___ day of July, 2008.

                                  THE HONORABLE WILLIAM ALSUP
                                  UNITED STATES DISTRICT JUDGE

Proposed Order Granting Emergency Mtn For Protective Order 3:08-CV-03141 WHA