GEORGE L. GUERRA, CASB No. 158263
FOWLER WHITE BOGGS BANKER P.A.
501 E. Kennedy Blvd., Suite 1700
Tampa, Florida 33602
Tel: (813) 228-7411
Fax: (813) 229-8313
Email: george.guerra@fowlerwhite.com

Attorney for Defendant DOUGLAS GREEN

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## CIVIL DIVISION

| | |
|---|---|
| PERSHING LLC, | CASE NO. CV-08-3141 WHA |
| Plaintiff, | **EMERGENCY MOTION FOR DISSOLUTION OF EX-PARTE ORDER GRANTING TRO AND ORDER TO SHOW CAUSE, AND TO STAY THIS PROCEEDING AND TO COMPEL ARBITRATION** |
| vs. | |
| CROCKER SECURITIES LLC and DOUGLAS GREEN, | |
| Defendants. | |

Defendant, **DOUGLAS GREEN** ("Mr. Green"), hereby files this Motion for Dissolution Of Ex-Parte Order Granting TRO, Order to Show Cause and Expedited Discovery, and to Compel Arbitration. This Motion seeks to dissolve this Court's previous Order which precludes Mr. Green from expending any monies or other assets held by him in any financial institution, effectively cutting off any ability to meet his ordinary and daily living expenses.

Mr. Green also seeks an Order compelling the Plaintiff to arbitrate the subject dispute. This Motion is based on the following legal grounds:

1.      The pending dispute is subject to mandatory arbitration.

1

2.    The plaintiff cannot satisfy the requirements of Fed. R. Civ. P 65 for the granting of temporary restraining orders as well as the substantive prerequisites governing the equitable remedies pertaining to restraining orders and injunctions.

3.    The plaintiff cannot demonstrate irreparable injury – a critical element of the claim.  Specifically, Plaintiff seeks purely the recovery of a debt, and such economic loss is clearly not considered "irreparable injury."  Plaintiff has an adequate remedy at law.

4.    The subject Order does not expire on its own terms, as required by Fed. R. Civ. P. 65, and purports to be effective for more than ten days.

5.    The subject Order also does not require any form of bond or other security as required by Fed. R. Civ. P. 65(C).

The subject Motion is further based on the accompanying Memorandum of Points and Authorities, and such other and further documents as may be filed by the parties in connection with this Motion.

Dated this 3rd day of July, 2008.

Respectfully submitted,

s/ George L. Guerra, Esq.
George L. Guerra, CBN: 158263
**FOWLER WHITE BOGGS BANKER P.A.**
P.O. Box 1438
Tampa, FL  33601
(813) 228-7411/ Fax No: (813) 229-8313
Email: george.guerra@fowlerwhite.com
Attorney for Defendant

2

1  GEORGE L. GUERRA, CASB No. 158263
   FOWLER WHITE BOGGS BANKER P.A.
2  501 E. Kennedy Blvd., Suite 1700
   Tampa, Florida 33602
3  Tel: (813) 228-7411
   Fax: (813) 229-8313
4  Email: george.guerra@fowlerwhite.com

5
   Attorney for Defendant
6  DOUGLAS GREEN

                    UNITED STATES DISTRICT COURT
7                  NORTHERN DISTRICT OF CALIFORNIA
                          CIVIL DIVISION
8

9  PERSHING LLC,                      )   CASE NO. CV-08-3141 WHA
                                      )
10                                    )   MEMORANDUM OF POINTS AND
                                      )   AUTHORITIES IN SUPPORT OF
11           Plaintiff,               )   MOTION FOR DISSOLUTION OF EX-
                                      )   PARTE ORDER GRANTING TRO AND
12  vs.                               )   ORDER TO SHOW CAUSE, AND TO
                                      )   STAY THIS PROCEEDING AND
13  CROCKER SECURITIES LLC and        )   TO COMPEL ARBITRATION
    DOUGLAS GREEN,                     )
14                                    )
                Defendants.           )
15

16

17

18

19

20

21

22

23

24

25

# TABLE OF CONTENTS

I.  STATEMENT OF ISSUES ................................................................................................ 1

    A.  Whether this Court should dissolve its Ex Parte Order granting the TRO and preliminary injunctive relief when: (1) Plaintiff has no likelihood of success because Mr. Green is not a proper party to the Order, (2) Plaintiff has an adequate remedy at law, and (3) the preliminary injunction was issued in the absence of a bond. ................. 1

    B.  Whether this Court should stay this proceeding and compel arbitration because the parties are obligated as FINRA member firms and registered persons to arbitrate any dispute, such as this one, which arises out of the course of business among them. ........ 1

II.  STATEMENT OF RELEVANT FACTS .......................................................................... 1

III. ARGUMENT ..................................................................................................................... 2

    A.  The Ex Parte Order Should be Dissolved ................................................................. 2
        1.  Plaintiff has No Likelihood of Success because Mr. Green is not a Proper Party to the Order .................................................................................................................. 2
        2.  The Availability of an Adequate Remedy at Law Precludes Equitable Relief ....... 4
        3.  This Court Exceeded its Authority by Failing to Require Plaintiff to Post a Bond 5
    B.  The Order Granting Expedited Discovery is Improper ..................................................... 7
    C.  This Court Should Stay this Proceeding and Compel Arbitration ................................. 7
        1.  The Parties Agreed to Arbitrate This Dispute ........................................................ 7
        2.  This Court Must Stay this Proceeding as Plaintiff is Required to Arbitrate its Dispute with Defendant Green ................................................................................ 8
        3.  Plaintiff's Claims Are Within the Scope of the Agreement to Arbitrate ............... 9

IV. CONCLUSION ................................................................................................................ 10

1

## <u>TABLE OF AUTHORITIES</u>

2
                                                                              **Page(s)**
3   F<small>EDERAL</small> C<small>ASES</small>

4   <u>Aronson v. Dean Witter Reynolds, Inc.</u>
        675 F. Supp. 1324 (S.D. Fla. 1987) ...............................................................9
5
    <u>Barahona-Gomez v. Reno.</u>
6       167 F.3d 1228 (9th Cir. 1999) ......................................................................6
7   <u>Bender v. A.G. Edwards & Sons, Inc.</u>
        971 F.2d 698 (11th Cir. 1992) ......................................................................9
8
    <u>Bernhardt v. Polygraphic Co.</u>
9       76 S. Ct. 273 (1956) ...................................................................................9
10  <u>Cummings v. Connell</u>
        1999 WL 1256772 (E.D. Cal. 1999) ...........................................................5, 6
11
12  <u>Dataline Exports, Inc. v. Basic Construction, Inc.</u>
        306 F.3d 912 (9th Cir. 2002) ........................................................................4
13
    <u>Dean Witter Reynolds Inc. v. Byrd</u>
14      470 U.S. 213 (1985)......................................................................................9
15  <u>Dr. Seuss Enters. v. Penguin Books USA, Inc.</u>
        109 F.3d 1394 (9th Cir. 1997) ......................................................................3
16
    <u>Gilmer v. Interstate/Johnson Lane Corp.</u>
17      111 S. Ct. 1647 (1991) .................................................................................9
18  <u>Grupo Mexicano de Desarollo, S.A. v. Alliance Bond Fund, Inc.</u>
        119 S. Ct. 1961 (1999)..............................................................................4, 5
19
    <u>Jorgensen v. Cassiday</u>
20      320 F. 3d 906 (9th Cir. 2003) ....................................................................5, 6
21  <u>McMahan Sec. Co. v. Forum Capital Markets</u>
        35 F.3d 82 (2d Cir. 1994)..............................................................................9
22
23  <u>Merrill Lynch Commodities, Inc. v. Richal Shipping Corp.</u>
        581 F. Supp. 933 (S.D.N.Y. 1984)................................................................9
24  <u>Moses H. Cone Memorial Hosp. v. Mercury Constr. Corp.</u>
        460 U.S. 1 (1983)..........................................................................................8
25

1

Municipal Energy Agency of Mississippi v. Big Rivers Electric Corporation
2    804 F.2d 338 (5th Cir. 1986) ............................................................................9

3

Perry v. Thomas
3    482 U.S. 483 (1987).........................................................................................8

4

Prima Paint Corp. v. Flood & Conklin Manufacturing Co.
5    87 S. Ct. 1801 (1967) ......................................................................................9

6

Pritzker v. Merrill Lynch, Pierce Fenner & Smith, Inc.
6    7 F.3d 1110 (3d Cir. 1993)...............................................................................9

7

Rodriguez de Quijas v. Shearson/American Express, Inc.
8    490 U.S. 477 (1989).........................................................................................9

9

Rosen v. Cascade Int'l Inc.
      21 F.3d 1520 (11th Cir. 1994) .........................................................................4

10

Shearson/American Express, Inc. v. McMahon
11    107 S. Ct. 2332 (1987) ....................................................................................9

12

Shearson/American Express v. McMahon
      482 U.S. 220 (1987).........................................................................................9

13

Southland Corp. v. Keating
14    465 U.S. 1 (1984) ............................................................................................8

15

**FEDERAL STATUTES**

16

9 U.S.C. § 2 (2008) ...............................................................................................8

17

9 U.S.C. § 3 (2008) ........................................................................................1, 8, 9

18

9 U.S.C. § 4 (2008) ...........................................................................................1, 9

19

Securities Act of 1933, 15 U.S.C. 77a .................................................................9

20

Securities Exchange Act of 1934, 15 U.S.C. 78a ...............................................9

21

**OTHER AUTHORITIES**

22

Fed. R. Civ. P. 7....................................................................................................1

23

Fed. R. Civ. P. 65(c) .............................................................................................5

24

FINRA Code of Arbitration Procedure IM-13000(a) ..........................................2

25

FINRA Rule 2110 .................................................................................................2

1
FINRA Rule 13100 ..............................................................................................7, 8

2
FINRA Rule 13200(a) .........................................................................................7, 8

3
FINRA Rule 13804(a)(2) .........................................................................................2

4
Local Rule 7.1 ........................................................................................................1

5
The Arbitrator's Manual .........................................................................................7

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

Pursuant to Fed. R. Civ. P. 7, Civil Local Rule 7.1 and the Federal Arbitration Act ("FAA"), 9 U.S.C. §§ 3 and 4 (2008), Defendant Douglas Green respectfully submits this memorandum in support of his Motion for Dissolution of this Court's Ex-Parte Order Granting TRO, Order to Show Cause and Expedited Discovery, and to Compel Arbitration.

## I.    STATEMENT OF ISSUES

A.    Whether this Court should dissolve its Ex Parte Order granting Plaintiff preliminary injunctive relief when: (1) Plaintiff has no likelihood of success because Mr. Green is not a proper party to the Order, (2) Plaintiff has an adequate remedy at law, and (3) a preliminary injunction was issued in the absence of a bond.

B.    Whether this Court should stay this proceeding and compel arbitration because the parties are obligated as FINRA member firms and registered persons to arbitrate any dispute, such as this one, which arises out of the course of business among them.

## II.    STATEMENT OF RELEVANT FACTS

On or about July 1, 2008, at approximately 1:45 pm, this Honorable Court entered an Ex Parte Order (the "Order") effectively freezing the assets of Douglas Green, an alleged employee of co-defendant Crocker Securities which, in turn, is alleged to owe Pershing a margin debt in excess of $8,000,000. The Order also provides for expedited discovery. The only notice given to Mr. Green was by way of a telephone call from the office of Plaintiff's counsel to Mr. Green's assistant in Florida where Mr. Green resides.[1] Upon learning of the TRO application, counsel for Mr. Green specifically requested copies of all documents filed with the court, and also requested an opportunity

_____

[1] Pershing is a FINRA member with access to contact information for registered persons like Mr. Green.

1

1    to be heard in conjunction with any hearing that might be held.  However, no moving papers or

2    supporting documentation were provided until *after* the hearing had concluded and the Court had

3    entered its Order.

4    **III.    ARGUMENT**

5        **A.    <u>The Ex Parte Order Should be Dissolved</u>**

6            The subject Order is improper because:  (1) Plaintiff has no likelihood of success in that Mr.

7    Green is not a proper party to the Order, (2) Plaintiff has an adequate remedy at law, and (3) a

8    preliminary injunction could not issue under the facts at bar in the absence of a bond.  The Order

9    regarding expedited discovery should also be dissolved because it allows the Plaintiff to circumvent

10   the proscription against traditional discovery in the arbitration process under the FINRA rules.  Any

11   disputes that arise out of the business activities of a member or an associated person are necessarily

12   subject to FINRA dispute resolution.  Plaintiff is attempting to use this forum to utilize discovery

13   methods otherwise unavailable under the FINRA Code of Arbitration Procedure.  Accordingly, after

14   this Court dissolves the TRO, this Court should stay this proceeding and order Plaintiff to file its

15   claims before the arbitration tribunals of FINRA Dispute Resolution as required by its FINRA

16   membership[2].

17

18         **1.    Plaintiff has No Likelihood of Success because Mr. Green is not a Proper**
19             **Party to the Order**

20           In order for this Court to issue a preliminary injunction, the moving party must clearly show

21   either: (1) a combination of probable success on the merits and the possibility of irreparable injury,

22   or (2) that serious questions are raised and the balance of hardships tips sharply in favor of the

23   moving party. <u>Dr. Seuss Enters. v. Penguin Books USA, Inc.</u>, 109 F.3d 1394, 1397 (9th Cir. 1997).

24   _____

25   [2] Failure to abide by FINRA dispute resolution rules constitutes a violation of Rule 2110.  <u>See</u>
     FINRA Code of Arbitration Procedure IM-13000(a).

Memo in Support of Motion to Dissolve /Stay/Compel Case 3:08-cv-3141 WHA

1    Based on the allegations in the Complaint, Mr. Green is not a proper party to this order.    As

2    a factual matter, the Complaint specifically describes why Mr. Green is not a proper party to this

3    Court's Order.    Among other things, the Complaint alleges as follows:

4        a.    The money Plaintiff seeks to recover, was lent to Crocker Securities

5            (Complaint at Par. 16)

6        b.    Mr. Green acted exclusively "within the scope of his employment and as

7            Crocker's agent" when he committed the acts complained of by the Plaintiff.

8            (Complaint at Par. 20)

9        c.    Pershing credited Crocker Securities' account for the transactions at issue.

10            (Complaint at Par. 14)

11

12        d.    Crocker purportedly reported directly to Pershing regarding the transactions

13            at issue. (Complaint at Par. 14)

14        e.    "Crocker was able to book profits for the false trades and transfer those

15            profits out of *its* proprietary account maintained with Pershing" (Complaint at

16            Par. 14 emphasis added)

17        f.    "Crocker Securities executed a series of matched orders with no real change

18            of beneficial ownership" (Complaint at Par. 15)

19

20        g.    "Pershing leant money in good faith through a margin account to *Crocker*

21            *Securities*" (Complaint at Par. 16 emphasis added)

22    In point of fact, Pershing had no direct relationship of any kind with Mr. Green.    Pershing's

23    contractual relationship, extension of credit and margin relationship was exclusively with Crocker

24    Securities.    Notwithstanding Pershing's current claims and bald assertions about Green's liability, the

25

3

1   factual allegations in the Complaint demonstrate that Mr. Green does not have direct liability under

2   any circumstances to Pershing.

3           **2.**      **The Availability of an Adequate Remedy at Law Precludes Equitable**

4                    **Relief**

5        This Court exceeded its power when it granted the subject injunction. The law is well settled

6   that injunctive relief is only proper in the absence of an adequate legal remedy. See Grupo Mexicano

7   de Desarollo, S.A. v. Allicance Bond Fund, Inc., 119 S. Ct. 1961 (1999). In Grupo, the Supreme

8   Court reversed the Second Circuit and held that "[t]he district court had no authority to issue a

9   preliminary injunction preventing [the defendants] from disposing of their assets pending

10   adjudication of [the plaintiff's] contract claim for money damages." Id. at 1975. In reaching this

11   conclusion, the Court relied on the "well-established rule" that an unsecured creditor seeking legal

12   remedies cannot obtain a preliminary injunction that freezes a debtor's assets in order to ensure the

13   availablity of funds to satisfy a future judgement. Id. at 1968. The Court noted that "before

14   judgment (or its equivalent) an unsecured creditor has no rights at law or in equity in the property of

15   his debtor." Id. at 1973. As a result, the majority concluded that the district court exceeded its

16   authority in granting the preliminary injunction. Id. at 1975; see also Dataline Exports, Inc. v. Basic

17   Construction, Inc., 306 F.3d 912 (9th Cir. 2002) (holding that district court lacks authority to issue a

18   preliminary injunction that freezes a debtor's assets in cases involving unsecured creditors); Rosen

19   v. Cascade Int'l Inc., 21 F.3d 1520 (11th Cir. 1994). Here, Plaintiff requested and obtained an order

20   freezing Mr. Green's assets despite the fact that Green is not the "debtor" and the harm alleged is

21   compensable by monetary damages. In fact, the alleged harm is clearly quantifiable, as demonstrated

22

23

24

25

Memo in Support of Motion to Dissolve /Stay/Compel Case 3:08-cv-3141 WHA

by the fact that Plaintiff asserts it incurred up to $8.6 million in damages in its papers.[3]  Plaintiff

makes the conclusory statement that it "has suffered and will continue to suffer great and irreparable

harm for which no adequate remedy at law exists." See Plaintiff's Ex Parte Application for Order

Showing Cause.  However, a mere unsupported assertion does not make it so.  As evidenced by the

Complaint, if Plaintiff succeeds on its claim, its remedy will be purely in the form of compensatory

damages.  Plaintiff clearly has an adequate remedy at law – quantifiable, compensatory damages.  As

a result, Grupo prevents Plaintiff from obtaining preliminary injunctive relief.

> 3.    **This Court Exceeded its Authority by Failing to Require Plaintiff to Post a Bond**

This Court also exceeded its authority by granting the injunction in the absence of the posting

of security.  Pursuant to Fed. R. Civ. P. 65(c), a preliminary injunction may not issue unless the

applicant provides security "[i]n such sum as the court deems proper, for the payment of such costs

and damages as may be incurred or suffered by any party who is found to have been wrongfully

enjoined or restrained." Cummings v. Connell, 1999 WL 1256772, *10 (E.D. Cal. 1999).  Further,

"Rule 65(c) is unambiguous and generally, the failure to require a bond before granting preliminary

injunctive relief is reversible error." Id. at *11 (internal citations omitted).

The Ninth Circuit, however, has stated that a district court has the discretion to dispense with

the bond requirement if it concludes there is no realistic likelihood of harm to the defendant from

enjoining his or her conduct[4].  Jorgensen v. Cassiday, 320 F. 3d 906, 919 (9th Cir. 2003) (citing

---

[3] The Order states, inter alia, that Defendants are restrained and enjoined from "hiding, dissipating, secreting or in any way using any assets at any financial institution in any form up to the amount of $8.6 million."

[4] Unfortunately, the Court did not have the benefit of hearing from Mr. Green before entry of the Order.  Among other things, this Court's Order prevents Mr. Green from complying with another Court's Order of alimony payments of $15,000 due on the first of each month.  He is also, by this

5

<u>Barahona-Gomez v. Reno</u>, 167 F.3d 1228, 1237 (9th Cir. 1999) (emphasis added).  An additional limited exception to the bond requirement exists in the Ninth Circuit if requiring the security would effectively deny access to judicial review.  <u>Cummings</u>, 1999 WL 1256772 at *10.  Neither of the limited exceptions to the mandatory bond requirement, as adopted by the Ninth Circuit, apply in this case.  As such, this Court should have required Plaintiff to post a bond before granting preliminary injunctive relief and the injunction should be dissolved.

It is unclear whether this Court considered the likelihood of harm that would result to Mr. Green by granting the injunction but indisputably, Mr. Green has and will suffer harm as a result.  Pursuant to this Court's Order, *all* of Mr. Green's assets are frozen.  The order prevents Mr. Green from expending <u>any</u> money.  His only means of living, therefore, presumably comes from the utilization of credit cards and any on-hand cash.  When his credit card bills become due and owing, Mr. Green will be unable to access any money to pay the bills, and will thus incur large interest charges.  The amount of harm Mr. Green is incurring as a result of the complete inability to access money, by which he buys food, pays alimony, and pays his mortgages, cannot be overstated.  The cost to Mr. Green, in the event that he is found to be wrongfully enjoined, would be substantial and thus, a bond is a necessary safeguard.

Further, Plaintiff has not and cannot demonstrate that posting a bond would "[e]ffectively deny Plaintiff access to judicial review."  <u>See</u> <u>Cummings</u>, 1999 WL 1256772 at *11.  As asserted in its Complaint, "Pershing is one of the largest securities clearing firms in the United States".  Clearly, this case does not fall within either of the narrow exceptions that permit a district court to dispense with the bond requirement.  The defendant will suffer substantial harm if wrongfully enjoined and

Court's Order, prevented from paying his bills, including mortgages which are now or will soon be due.

6

1    the Plaintiff will not be denied judicial review if a bond is required. Therefore, the injunction should

2    be dissolved.

3          **B.**     <u>**The Order Granting Expedited Discovery is Improper**</u>

4          Plaintiff is improperly using this forum to engage in discovery methods that it would not

5    otherwise be entitled to utilize in arbitration. Extensive pre-trial discovery permitted in the courts is

6    not available in securities arbitration proceedings. Otherwise, arbitration would be afflicted with the

7    same costly and time-consuming discovery procedures that arbitration is designed to avoid, which is

8    one of the primary reasons that parties choose arbitration. As clearly set forth in <u>The Arbitrator's</u>

9    <u>Manual</u>, arbitration is a "quick, fair, and relatively inexpensive method of dispute resolution." <u>The</u>

10   <u>Arbitrator's Manual</u> at 1. As discussed below, since this matter should be compelled to arbitration,

11   Plaintiff should not be permitted to obtain discovery in this forum and thereby circumvent FINRA

12   rules.

13

14         **C.**     <u>**This Court Should Stay this Proceeding and Compel Arbitration**</u>

15         This Court should stay this proceeding and order Plaintiff to file its claims before the

16   arbitration tribunal of FINRA Dispute Resolution. The parties agreed to arbitrate this dispute as a

17   condition of their FINRA membership. Plaintiff's claims fall squarely within the scope of the

18   agreement.

19         **1.**     **The Parties Agreed to Arbitrate This Dispute**

20         Plaintiff Pershing LLC and Defendant Crocker Securities LLC are registered broker/dealers.

21   Defendant Green is an associated person of Crocker Securities LLC as defined under Rule 13100 of

22   the Code of Arbitration Procedure for Industry Disputes (the "Code"). As a result of this association

23   with FINRA, the parties agreed to arbitrate all disputes that arise out of their business activities.

24   Specifically, FINRA Rule 13200(a) provides in relevant part:

25

7

... a dispute *must* be arbitrated under the Code if the dispute arises out of the business activities of a member or an associated person and is between or amoung:

• Members;

• Members and Associated Persons; or

• Associated Persons.

See FINRA Rule 13200(a) (emphasis added). Accordingly, since this dispute is between members and an associated person, Pershing has asserted its claims in the wrong forum and this Court must compel this dispute to arbitration.

**2.    This Court Must Stay this Proceeding as Plaintiff is Required to Arbitrate its Dispute with Defendant Green**

The Federal Arbitration Act ("FAA"), 9 U.S.C. § 2, declares that agreements to arbitrate "shall be valid, irrevocable, and enforceable" to the same extent as any contract. The Supreme Court has repeatedly held that the FAA creates a "liberal federal policy favoring arbitration agreements," and has consistently required that "any doubts concerning the scope of arbitrable issues . . . be resolved in favor of arbitration." See Moses H. Cone Memorial Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 24-25 (1983). The Court has broadly held that the FAA preempts state-law rules forbidding arbitration of certain claims: "Congress declared a national policy favoring arbitration and withdrew the power of the states to require a judicial forum for the resolution of claims" covered by an arbitration agreement. See Southland Corp. v. Keating, 465 U.S. 1, 10 (1984); see also Perry v. Thomas, 482 U.S. 483, 489 (1987).

To ensure that such agreements are given effect, the FAA directs courts to stay proceedings whenever suit is brought on an issue "referable to arbitration under an agreement in writing for such arbitration." 9 U.S.C. § 3. The Supreme Court has unanimously held that "the Act leaves no room for the exercise of discretion," but mandates a stay of all proceedings if an issue before it is arbitrable

8

under a written agreement.  9 U.S.C. § 3 (2001); <u>Dean Witter Reynolds Inc. v. Byrd</u>, 470 U.S. 213,

218 (1985); <u>Gilmer v. Interstate/Johnson Lane Corp.</u>, 111 S. Ct. 1647, 1651 (1991);

<u>Shearson/American Express, Inc. v. McMahon</u>, 107 S. Ct. 2332, 2337 (1987); <u>Dean Witter</u>

<u>Reynolds, Inc.</u>, 105 S. Ct. at 1241 (1985); <u>Prima Paint Corp. v. Flood & Conklin Manufacturing Co.</u>,

87 S. Ct. 1801, 1804 (1967); <u>Bernhardt v. Polygraphic Co.</u>, 76 S. Ct. 273, 274-75 (1956). [5]

In addition, under Section 4 of the FAA, a party aggrieved by another's refusal to arbitrate

may move to compel arbitration.  <u>See</u> 9 U.S.C. § 4.  Section 4 of the FAA requires a court to issue

an order compelling arbitration when the opposing party refuses, neglects, or fails to comply with the

arbitration provision in the agreement. <u>McMahon</u>, 107 S. Ct. at 2337; <u>Byrd</u>, 105 S. Ct. at 1241 ("[b]y

its terms, the [Federal Arbitration] Act . . . mandates that . . . courts <u>shall</u> direct the parties to proceed

to arbitration on issues as to which an arbitration agreement has been signed") (emphasis in original);

<u>Prima Paint Corp.</u>, 87 S. Ct. at 1804; <u>Merrill Lynch Commodities, Inc.</u>, 581 F. Supp. at 937;

<u>Aronson</u>, 675 F. Supp. at 1325 ("if there exists an enforceable Arbitration Agreement, plaintiff and

defendant, as parties to such an agreement, are required to resolve arbitrable claims in arbitration

proceedings").

Therefore, if this Court finds that the claims Plaintiff asserts are within the scope of the

arbitration agreement, which they clearly are, it must stay the proceedings and order the Plaintiff to

pursue its claims, if at all, through arbitration.

---

[5] <u>See also</u> <u>McMahan Sec. Co. v. Forum Capital Markets</u>, 35 F.3d 82, 85-86 (2d Cir. 1994); <u>Pritzker</u>
<u>v. Merrill Lynch, Pierce Fenner & Smith, Inc.</u>, 7 F.3d 1110, 1114 (3d Cir. 1993); <u>Bender v. A.G.</u>
<u>Edwards & Sons, Inc.</u>, 971 F.2d 698, 699 (11th Cir. 1992); <u>Aronson v. Dean Witter Reynolds, Inc.</u>,
675 F. Supp. 1324, 1325 (S.D. Fla. 1987); <u>Merrill Lynch Commodities, Inc. v. Richal Shipping</u>
<u>Corp.</u>, 581 F. Supp. 933, 936 (S.D.N.Y. 1984).

Memo in Support of Motion to Dissolve /Stay/Compel Case 3:08-cv-3141 WHA

      **3.**    **Plaintiff's Claims Are Within the Scope of the Agreement to Arbitrate**

Whether a claim comes within the scope of an arbitration clause is an issue for the courts to decide, and courts will interpret agreements to arbitrate as broadly as the parties intended. <u>Municipal Energy Agency of Mississippi v. Big Rivers Electric Corporation</u>, 804 F.2d 338, 342 (5th Cir. 1986) (Doubts about scope of arbitration agreement should be resolved in favor of arbitration rather than against it). Claims relating to securities transactions, such as this one, are clearly arbitrable.[6]

In the present case, the parties, as a result of being members of FINRA, agreed to submit to arbitration all disputes regarding the business activities of a member or associated person. In its Complaint, Plaintiff contends that Defendants "carefully orchestrated a fraudulent scheme in which defendants Crocker Securities and Douglas Green in his capacity as an agent and registered representative of Crocker Securities, systematically conspired to manipulate the price of securities traded through Pershing…" <u>See</u> Complaint ¶ 7. Plaintiff further contends that "Defendants caused a series of fraudulent trades to be placed in different fixed income instruments" and then "reported to Pershing a series of fraudulent buy and sell transactions." <u>Id</u>. The allegations of Plaintiff's Complaint arise out of the business activities of Pershing and Crocker, and Mr. Green's activities as an associated person. The broad language of the arbitration agreement in this case plainly covers all of Plaintiff's claims.

## IV.    CONCLUSION

For the foregoing reasons, Defendant Green respectfully requests that this Court enter an order, in a form substantially similar to the one submitted herewith, granting Defendant's Motion to

---

[6] <u>See</u> <u>e.g.</u> <u>Rodriguez de Quijas v. Shearson/American Express, Inc.</u>, 490 U.S. 477 (1989) (claims under Securities Act of 1933); <u>Shearson/American Express v. McMahon</u>, 482 U.S. 220, 238 (1987) (claims under Securities Exchange Act of 1934); <u>Byrd</u>, 470 U.S. at 213 (requiring arbitration of arbitrable claims even where case includes non-arbitrable claims).

10

1    Dissolve the Ex Parte Order Freezing Defendant Green's Assets and Ordering Expedited Discovery,

2    Staying this Proceeding, and Compelling Arbitration.

3                                      Respectfully submitted,

4                                      s/ George Guerra
5                                      George Guerra, Esq, CBN 158263
                                       FOWLER WHITE BOGGS BANKER P.A.
6                                      501 E. Kennedy Boulevard
                                       Tampa, FL 33602-5200
7                                      Telephone: 813-228-7411
                                       Fax: 813-229-8313
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

Memo in Support of Motion to Dissolve /Stay/Compel Case 3:08-cv-3141 WHA

1  GEORGE L. GUERRA, CASB No. 158263
   FOWLER WHITE BOGGS BANKER P.A.
2  501 E. Kennedy Blvd., Suite 1700
   Tampa, Florida 33602
3  Tel: (813) 228-7411
   Fax: (813) 229-8313
4  Email: george.guerra@fowlerwhite.com

5
   Attorney for Defendant
6  DOUGLAS GREEN

7                    UNITED STATES DISTRICT COURT
                     NORTHERN DISTRICT OF CALIFORNIA
8                              CIVIL DIVISION

9
   PERSHING LLC,                    )   CASE NO. CV-08-3141 WHA
10                                  )
                                    )   [PROPOSED] ORDER GRANTING
11 Plaintiff,                       )   MOTION FOR DISSOLUTION OF EX-
                                    )   PARTE ORDER GRANTING TRO AND
12                                  )   ORDER TO SHOW CAUSE, AND TO STAY
                                    )   THIS PROCEEDING AND TO COMPEL
13 vs.                              )   ARBITRATION
   CROCKER SECURITIES LLC and       )
14 DOUGLAS GREEN,                   )
                                    )
15 Defendants.                      )

16

17      This cause having come before the Court on Defendant Douglas Green's Motion for

18 Dissolution of the Ex Parte Order Granting TRO and Order to Show Cause, Motion to Stay this

19 Proceeding and to Compel Arbitration, and after being fully advised in the premises,

20
        **IT IS ORDERED** that:
21

22      1.     Defendant Green's Motion to Dissolve this Court's July 1, 2008, Ex Parte Order

23 granting Plaintiff's application for TRO and allowing expedited discovery is GRANTED.

24

25

                                          1

2.    Defendant Green's Motion to Stay this Proceeding and Compel Arbitration is GRANTED.    This proceeding is stayed as it relates to Douglas Green pending the arbitration of Pershing LLC's claims before the Financial Industry Regulatory Authority ("FINRA").    This Court shall retain jurisdiction over the case to resolve any post-arbitration issues.

ORDERED AND ADJUDGED on this ___ day of July, 2008.

 

                                         _____

                                         THE HONORABLE WILLIAM ALSUP
                                         UNITED STATES DISTRICT JUDGE

Proposed Order Dissolution Of Ex Parte Order 3:08-CV-03141 WHA