1  GEORGE L. GUERRA, CASB No. 158263
   FOWLER WHITE BOGGS BANKER P.A.
2  501 E. Kennedy Blvd., Suite 1700
   Tampa, Florida 33602
3  Tel: (813) 228-7411
   Fax: (813) 229-8313
4  Email: george.guerra@fowlerwhite.com

5
   Attorney for Defendant
6  DOUGLAS GREEN

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## CIVIL DIVISION

| | |
|---|---|
| PERSHING LLC, ) | CASE NO. CV-08-3141 WHA |
| ) | |
| Plaintiff, ) | **REQUEST FOR JUDICIAL NOTICE** |
| ) | |
| vs. ) | |
| CROCKER SECURITIES LLC and ) | |
| DOUGLAS GREEN, ) | |
| ) | |
| Defendants. ) | |

Defendant **DOUGLAS GREEN** respectfully requests that this honorable Court take judicial notice of the FINRA rules generally and specifically, Rule 2110 and Rule 13000, attached hereto as Exhibit A.

Dated this 7th day of July, 2008.

s/ George L. Guerra, Esq.
George L. Guerra
FOWLER WHITE BOGGS BANKER P.A.
Attorney for Defendant

Location: NASD > Manual > Rules of the Association > Conduct Rules (2000–3000) > 2000. Business Conduct > 2100. General Standards > 2110. Standards of Commercial Honor and Principles of Trade

## 2110. Standards of Commercial Honor and Principles of Trade

A member, in the conduct of its business, shall observe high standards of commercial honor and just and equitable principles of trade.

*Cross References–*

*IM-1000-1*, Filing of Misleading Information as to Membership or Registration
*IM-1000-3*, Failure to Register Personnel
*2790*, Restrictions on the Purchase and Sale of Initial Equity Public Offerings
*IM-2110-2*, Trading Ahead of Customer Limit Order
*IM-2110-3*, Front Running Policy
*IM-2230*, "Third Market" Confirmations
*IM-2310-2*, Fair Dealing with Customers
*IM-2440*, Mark-Up Policy
*IM-2830-1*, "Breakpoint" Sales
*IM-3310*, Manipulative and Deceptive Quotations
*IM-3320*, Firmness of Quotations
*IM-10100*, Failure to Act Under Provisions of Code of Arbitration Procedure
*IM-11110*, Refusal to Abide by Rulings of the Committee

---

Amended by SR-NASD-2005-087 eff. Aug. 1, 2006

**Selected SEC Decisions:**
Albert P. Fosha, SEC Rel. No. 34-22815 (1986).
C. Brock Lippitt, Thomas M. Svalberg and Gerald B. Fitzgerald, SEC Rel. No. 34-23495 (1986).
Robert J. Jautz, SEC Rel. No. 34-24346 (1987).
Robert S.C. Peterson, Inc. and Robert S.C. Peterson, SEC Rel. No. 34-24688 (1987).
Rita Delaney, SEC Rel. No. 34-25119 (1987).
Gary D. Cohee, SEC Rel. No. 34-25210 (1987).
Traiger Energy Investments and Michael A. Traiger, SEC Rel. No. 34-25306 (1988).
E.F. Hutton & Co., Inc. (n/k/a) Shearson Lehman Hutton, Inc., SEC Rel. No. 34-25587 (1988).
Stephen M. Carter, SEC Rel. No. 34-26264 (1988).
Cosse International Securities, Inc. and Charles B. Cosse, SEC Rel. No. 34-26424 (1989).
L.C. Thomas and Stephen V. Wallace, SEC Rel. No. 34-26530 (1989).
Stanley D. Gardenswartz, SEC Rel. No. 34-27194 (1989).
Walter Capital Corp. and Frank R. Grillo, SEC Rel. No. 34-27536 (1989).

**Selected Notices:** 96-44.

---

### IM-2110-1. Reserved

### IM-2110-2. Trading Ahead of Customer Limit Order

**Amendments to this rule have been approved, but the effective date has not yet been announced. To view this version of the rule click the "Approved Rule Changes, Effective Date Pending" tab to the right.**

**(a) General Application**

To continue to ensure investor protection and enhance market quality, NASD's Board of Governors is issuing an interpretation to NASD Rules dealing with member firms' treatment of their customer limit orders in exchange-listed securities. This interpretation, which is applicable from 9:30 a.m. to 6:30 p.m. Eastern Time, will require members to handle their customer limit orders with all due care so that members do not "trade ahead" of those limit orders. Thus, members that handle customer limit orders, whether received from their own customers or from another member, are prohibited from trading at prices equal or superior to that of the limit order without executing the limit order. In the interests of investor protection, NASD is eliminating the so-called disclosure "safe harbor" previously established for members that fully disclosed to their customers the practice of trading ahead of a customer limit order by a market-making firm.[1]

Rule 2110 states that:

FINRA | This section is part of a frameset. This page contains the main content of the fra... Page 1 of 1

Case 3:08-cv-03141-WHA    Document 25-2    Filed 07/07/2008    Page 2 of 2

Location: NASD > Manual > Rules of the Association > Procedural Rules (8000–14000) > 13000. NASD Code of Arbitration Procedure for Industry Disputes > Part I Interpretive Material, Definitions, Organization, and Authority > IM-13000. Failure to Act Under Provisions of Code of Arbitration Procedure for Industry Disputes

<< **Previous**                                                                                                                           **Next**

## IM-13000. Failure to Act Under Provisions of Code of Arbitration Procedure for Industry Disputes



Notices (1 link)

The Industry Code will apply to claims filed on or after April 16, 2007. In addition, the list selection provisions of the Industry Code will apply to previously filed claims in which a list of arbitrators must be generated after April 16, 2007; in these cases, however, the claim will continue to be governed by the remaining provisions of the old Code unless all parties agree to proceed under the new code.

It may be deemed conduct inconsistent with just and equitable principles of trade and a violation of Rule 2110 for a member or a person associated with a member to:

(a) fail to submit a dispute for arbitration under the Code as required by the Code;

(b) fail to comply with any injunctive order issued pursuant to the Code;

(c) fail to appear or to produce any document in his possession or control as directed pursuant to provisions of the Code;

(d) fail to honor an award, or comply with a written and executed settlement agreement, obtained in connection with an arbitration submitted for disposition pursuant to the procedures specified by NASD, the New York, American, Boston, Cincinnati, Chicago, or Philadelphia Stock Exchanges, the Pacific Exchange, Inc., the Chicago Board Options Exchange, the Municipal Securities Rulemaking Board, or pursuant to the rules applicable to the arbitration of disputes before the American Arbitration Association or other dispute resolution forum selected by the parties where timely motion has not been made to vacate or modify such award pursuant to applicable law; or

(e) fail to comply with a written and executed settlement agreement, obtained in connection with a mediation submitted for disposition pursuant to the procedures specified by NASD

All awards shall be honored by a cash payment to the prevailing party of the exact dollar amount stated in the award. Awards may not be honored by crediting the prevailing party's account with the dollar amount of the award, unless authorized by the express terms of the award or consented to in writing by the parties. Awards shall be honored upon receipt thereof, or within such other time period as may be prescribed by the award.

It may be deemed conduct inconsistent with just and equitable principles of trade and a violation of Rule 2110 for a member to require associated persons to waive the arbitration of disputes contrary to the provisions of the Code of Arbitration Procedure.

> Amended by SR-NASD-2007-026 eff. April 16, 2007.
> Adopted by SR-NASD-2004-011 eff. April 16, 2007.
>
> **Selected Notice:** 07-07

<< **Previous**                                                                                                                           **Next**

©2008 FINRA. All rights reserved.