```
 1  PETER R. BOUTIN, CASB No. 65261
    peter.boutin@kyl.com
 2  GORDON C. YOUNG, CASB No. 158100
    gordon.young@kyl.com
 3  KEESAL, YOUNG & LOGAN
    A Professional Corporation
 4  Four Embarcadero Center, Suite 1500
    San Francisco, California  94111
 5  Telephone:   (415) 398-6000
    Facsimile:    (415) 981-0136
 6
    Attorneys for Plaintiff
 7  PERSHING LLC
```

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PERSHING LLC, <br><br> Plaintiff, <br><br> vs. <br><br> CROCKER SECURITIES LLC and DOUGLAS GREEN, <br><br> Defendants. | Case No. cv-08-3141 WHA <br><br> **PLAINTIFF'S OPPOSITION TO MOTION FOR PROTECTIVE ORDER** |

Plaintiff PERSHING LLC ("Pershing" or "Plaintiff") respectfully submits this opposition to Defendant DOUGLAS GREEN'S ("Green" or "Defendant") Memorandum of Points and Authorities In Support of Motion For Protective Order (the "Motion").

- 1 -

## I. STATEMENT OF FACTS

As set forth in Pershing's Complaint as well as its Ex Parte Application for Temporary Restraining, Order to Show Cause Re Preliminary Injunction and [request for] Expedited Discovery (the "Application") [Doc. No. 8], in June 2008, Pershing discovered a complex scheme by which Green and Crocker Securities LLC ("Crocker") manipulated the reported price of mortgage-backed securities transactions, thereby wrongfully obtaining millions of dollars from Pershing. After Pershing discovered Green and Crocker's fraud, it filed the instant lawsuit against them in this Court and thereafter filed the Application for emergency relief. This Court entered an Order granting a temporary restraining order and permitting Plaintiff to conduct expedited discovery in advance of a hearing on its motion for a preliminary injunction [Doc. No. 6]. Green has now moved this Court for a protective order to prevent his deposition from being taken. Green's motion is without merit. Because of the direct evidence demonstrating Green's extensive involvement in the misappropriation of millions of dollars from Pershing and the pressing need to trace the misappropriated funds and determine the extent to which Green has personally profited from this scheme, Pershing should be entitled to take Green's deposition on an expedited basis.

## II. EXPEDITED DISCOVERY IS NECESSARY

The Court did not err in allowing Pershing to conduct expedited discovery in advance of the date set for the preliminary injunction hearing. Contrary to Green's claims, Pershing does not seek to engage in extensive pre-trial discovery not available in securities arbitration proceedings. Pershing requested (and the Court ordered) that it be permitted to serve deposition notices on an expedited basis to help it ascertain the full scope of the fraudulent scheme perpetrated by Defendant and trace the millions of dollars Defendants fraudulently misappropriated from Pershing. In light of the *uncontroverted* evidence presented by Pershing in the form of sworn declarations

demonstrating Green's direct involvement in the fraudulent scheme, such limited discovery from Green is appropriate.

### III. GREEN HAS FAILED TO ALLEGE GOOD CAUSE IN SUPPORT OF THE PROTECTIVE ORDER

#### A. Green Has Failed To Establish Good Cause

Green asserts in his Motion that the court may, *for good cause*, issue an order to protect a party from annoyance, embarrassment, oppression, or undue burden or expense. Fed. R. Civ. Proc. 26(c). However, good cause means more than simply stating that the depositions will be burdensome and costly. In fact, to obtain a protective order, the moving party must make a clear showing of a *particular* and *specific* need for the order. Foltz v. State Farm Mut. Ins. Co., 331 F.3d 1122, 1130 (9th Cir. 2003). "Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning do not satisfy the Rule 26(c) test." Beckman Indus. Inc. v. International Ins. Co., 966 F.2d 470, 476 (9th Cir. 1992) (citing Cippollone v. Liggett Group, Inc., 785 F.2d 1108, 1121 (3d Cir. 1986)). Furthermore, even if good cause for a protective order is shown, the court must still balance the interests in allowing discovery against the relative burdens to the parties. Winz-Byone v. Metropolitan Life Ins. Co., 2007 WL 4276751, *3 (9th Cir. Nov 16, 2007).

Green's unsubstantiated allegation that the depositions would cause "undue burden and expense" and would be "burdensome and costly" do not constitute good cause to issue a protective order. Green fails to provide specific examples of the undue burden or cost these depositions would cause. In fact, Green submits ***absolutely no admissible evidence*** in support of his request. Further, no such burden exists, because the deposition is set to take place over the course of one day near Green's home and will be limited to discovery necessary to provide the Court with the evidence it needs to make an informed decision on Pershing's application for a preliminary injunction.

### B. The Balance Of Interests Weighs In Favor Of Pershing

Balancing the interests of the Parties, the *uncontroverted* evidence demonstrates that Green was intimately involved with the fraudulent scheme that resulted in Pershing's loss of millions of dollars. Green participated in every transaction at issue and is believed to have received payments based on these transactions. Pershing may be denied an opportunity to obtain the evidence it needs to obtain a preliminary injunction and ultimately preserve its legal remedy if denied the opportunity to take the deposition of Green. In contrast, Green is being asked to attend a one day deposition at a convenient location. The burden to Pershing if the deposition does not proceed significantly outweighs the burden to Green in going forward with the deposition. As a consequence, Pershing should be entitled to depose Green to obtain evidence in Green's possession which is necessary for the preliminary injunction hearing.

## IV. FINRA RULE 13804 AUTHORIZES PERSHING TO PROCEED IN THIS COURT BEFORE IT PURSUES THE MATTER IN ARBITRATION

Green's argument that depositions are rarely allowed in arbitration is unpersuasive. FINRA Rule 13804 provides that "[i]n industry and clearing disputes required to be submitted to arbitration under the [Code of Arbitration Procedure], parties may seek a temporary injunctive order from a court of competent jurisdiction." [See Pershing's Request for Judicial Notice.] In aid of the preliminary injunction that Pershing seeks, it requested and was granted the right to conduct expedited discovery pursuant to Fed. R. Civ. P. 26(d). After the preliminary injunction hearing, this matter will proceed before FINRA arbitrators subject to FINRA arbitration rules.

///

///

///

## IV. CONCLUSION

For the foregoing reasons, Pershing respectfully requests that the Court deny Green's Motion for a Protective Order.

DATED: July 7, 2008

/s/ Peter R. Boutin
PETER R. BOUTIN
GORDON C. YOUNG
KEESAL, YOUNG & LOGAN
ATTORNEYS FOR PLAINTIFF
PERSHING LLC