```
 1  PETER R. BOUTIN, CASB No. 65261
    peter.boutin@kyl.com
 2  GORDON C. YOUNG, CASB No. 158100
    gordon.young@kyl.com
 3  KEESAL, YOUNG & LOGAN
    A Professional Corporation
 4  Four Embarcadero Center, Suite 1500
    San Francisco, California  94111
 5  Telephone:   (415) 398-6000
    Facsimile:   (415) 981-0136
 6
    Attorneys for Plaintiff
 7  PERSHING LLC
```

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PERSHING LLC, | Case No. cv-08-3141 WHA |
| Plaintiff, | **PROOF OF SERVICE** |
| vs. | |
| CROCKER SECURITIES LLC and DOUGLAS GREEN, | |
| Defendants. | |

- 1 -

PROOF OF SERVICE - CASE NO. CV-08-3141 WHA

KYL_SF463999

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

E-filing

Pershing LLC

SUMMONS IN A CIVIL CASE

V.

CASE NUMBER:

Crocker Securities, LLC and and Douglas Christopher Green

CV 08   3141

WHA

TO: (Name and address of defendant)
Kevin Bradley Martin
2999 Oak Road, Suite 1010
Walnut Creek, CA 94597

DOUGLAS GREEN
and
Crocker Securities LLC

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY (name and address)

Peter R. Boutin
Keesal, Young & Logan
#4 Embarcadero Center, Suite 1500
San Francisco, CA 94111
(415) 398-6000

an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgement by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

Richard W. Wieking
CLERK

DATE   JUN 3 0 2008

(BY) DEPUTY CLERK

MARY ANN BUCKLEY

NDCAO440

D 6/30/08

AO88 (Rev. 12/07) Subpoena in a Civil Case (Page 2)

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED | 7/2/2008 | Crocker Securities, LLC<br>2999 Oak Road, #1010, Walnut Creek, CA 94597 |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| Lisa Mello, accepted at 2:15 PM | Personal Service |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| Randolph Haumann | Registered Process Server #1014, Co of San Francisco |

### DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on      7/3/2008
                    DATE

SIGNATURE OF SERVER

Western Attorney Services
ADDRESS OF SERVER

75 Columbia Square, San Francisco, CA 94103

---

Federal Rule of Civil Procedure 45 (c), (d), and (e), as amended on December 1, 2007:

**(c) PROTECTING A PERSON SUBJECT TO A SUBPOENA.**
(1) Avoiding Undue Burden or Expense; Sanctions. A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.
(2) Command to Produce Materials or Permit Inspection.
(A) Appearance Not Required. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
(B) Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.
(3) Quashing or Modifying a Subpoena.
(A) When Required. On timely motion, the issuing court must quash or modify a subpoena that:
(i) fails to allow a reasonable time to comply;
(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.
(B) When Permitted. To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:
(i) disclosing a trade secret or other confidential research, development, or commercial information;
(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or
(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial
(C) Specifying Conditions as an Alternative. In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated.

**(d) DUTIES IN RESPONDING TO A SUBPOENA.**
(1) Producing Documents or Electronically Stored Information. These procedures apply to producing documents or electronically stored information:
(A) Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
(B) Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
(C) Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.
(D) Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.
(2) Claiming Privilege or Protection.
(A) Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
(i) expressly make the claim; and
(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
(B) Information Produced. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) CONTEMPT.**
The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

<u>Case No. CV-08-3141 WHA</u>
<u>RE: Pershing LLC v. Crocker Securities, LLC and Douglas Christopher Green</u>

<u>Complete List of Documents Served on Crocker Securities, LLC:</u>

- Summons in a Civil Case
- Complaint for Damages and Equitable Relief – Demand for Jury Trial
- [Proposed] Order Granting Application for Temporary Restraining Order to Show Cause Regarding Preliminary Injunction
- Declaration of Edward Banian in Support of Request for Temporary Restraining Order
- Declaration of Samantha E. Kefford in Support of Application for Temporary Restraining Order
- Declaration of Scott Munroe in Support of Request for Temporary Restraining Order
- Declaration of Theodore Bragg in Support of Request for Temporary Restraining Order
- Plaintiff's Memorandum of Points and Authorities in Support of Ex Parte Application for Temporary Restraining Order, Order to Show Cause Re Preliminary Injunction and Request for Expedited Discovery [F.R.C.P. 65 and 66]
- Plaintiff's Ex Parte Application for Order Showing Cause Regarding Preliminary Injunction, For a Temporary Restraining Order and For Expedited Discovery
- Plaintiff's Notice of Ex Parte Application for Temporary Restraining Order, Order to Show Cause Re Preliminary Injunction and Expedited Discovery
- Order Granting Application for Temporary Restraining Order and Order to Show Cause Regarding Preliminary Injunction

On July 2nd, 2008 at 2:15 PM, I hand delivered the documents listed above, on Lisa Mello, at Crocker Securities, LLC, at 2999 Oak Road, Ste. 1010, Walnut Creek, CA 94597.

Declaration dated June 3, 2008

*Randolph Haumann*
Randolph Haumann
Registered Process Server
Reg. No. 1014, County of San Francisco

| Attorney or Party without Attorney:<br>PETER R. BOUTIN, Bar #65261<br>FOUR EMBARCADERO CENTER, SUITE 1500<br>SAN FRANCISCO, CA 94111<br>Telephone No: 415.398.6000    FAX No: 415.981.0136<br>PETER.BOUTIN@KYL.COM<br>Attorney for: Plaintiff | | | | For Court Use Only |
|---|---|---|---|---|
| | | Ref. No. or File No.: | | |
| Insert name of Court, and Judicial District and Branch Court:<br>UNITED STATES DISTRICT COURT NORTHERN DISTRICT | | | | |
| Plaintiff: PERSHING LLC | | | | |
| Defendant: CROCKER SECURITIES LLC AND DOUGLAS GREEN | | | | |
| **PROOF OF SERVICE**<br>**SUMMONS; COMPLAINT** | Hearing Date: | Time: | Dept/Div: | Case Number:<br>CV-08-3141 WHA |

1. At the time of service I was at least 18 years of age and not a party to this action.

2. I served copies of the SUMMONS; COMPLAINT; PROPOSED ORDER; DECLARATION OF EDWARD BANIAN; DECLARATION OF SAMANTHA KEFFORD; DECLARATION OF SCOTT MUNROE; DECLARATION OF THEODORE BRAGG; EXHIBITS B THRU F OF BRAGG DECLARATION; MEMO OF POINTS AND AUTHORITIES; PLAINTIFF'S EX PARTE APPLICATION; PLAINTIFF'S NOTICE OF EX PARTE APPLICATION; PERSHING TEMPORARY RESTRAINING ORDER; ECF REGISTRATION INFORMATION HANDOUT

3. a. Party served:       CROCKER SECURITIES LLC
   b. Person served:      KEVIN MARTIN, AGENT FOR SERVICE OF PROCESS., WHITE, MALE, 40 Years Old, BLONDE Hair, 6 Feet 2 Inches, 195 Pounds

4. Address where the party was served:    1107 INVESTMENT BLVD, # 175
                                          EL DORADO HILLS, CA 95762

5. I served the party:
   a. **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on: Wed., Jul. 02, 2008 (2) at: 1:50PM

6. The "Notice to the Person Served" (on the Summons) was completed as follows:
   on behalf of: CROCKER SECURITIES LLC
   Under CCP 416.10 (corporation)

7. Person Who Served Papers:
   a. Gari Greenhalgh

   COUNTY-LEGAL
   1023 H Street, Suite B3
   Sacramento, CA 95814
   (916) 446-4890, FAX (916) 446-4892
   www.county-legal.com  info@county-legal.com

   Recoverable Cost Per CCP 1033.5(a)(4)(B)
   d. The Fee for Service was:    $176.50
   e. I am: (3) registered California process server
       (i)   Independent Contractor
       (ii)  Registration No.:    92007
       (iii) County:               SACRAMENTO
       (iv)  Expiration Date:      Mon, Nov. 09, 2009

8. I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: Wed, Jul. 02, 2008                                             (Gari Greenhalgh)

Judicial Council Form POS-010                    PROOF OF SERVICE
Rule 2.150.(a)&(b) Rev January 1, 2007           SUMMONS; COMPLAINT                                prbsf.8894